IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HELEN LARKIN GORDON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No.   05 C 6652 |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| ORTHO-McNEIL PHARMACEUTICAL, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Helen Larkin Gordon, filed a two-count complaint against defendant, Ortho-McNeil Pharmaceutical, Inc., seeking damages under claims of strict product liability and negligence for injuries sustained as a result of taking Levaquin® (levofloxacin), an antibiotic manufactured by defendant. Defendant has moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6), alleging that plaintiff's claims are time barred under the relevant Illinois two-year statute of limitations for personal injuries and product liability. For the reasons discussed herein, defendant's motion to dismiss is denied.

## FACTS

Defendant, a Delaware corporation with its principal place of business in Raritan, New Jersey, manufactures Levaquin®, a prescription antibiotic belonging to the fluoroquinolones family. Plaintiff is a resident of Glenview, Illinois.

After being diagnosed with a sinus infection, plaintiff was prescribed Levaquin® on November 18, 1997, by one of her physicians, Dr. David Knudtson. On or about the fifth day of taking the drug, plaintiff experienced severe pain in her leg. Pursuant to the instructions of Dr.

1

Paul Kentor, plaintiff sought medical treatment at Glenbrook Hospital's Emergency Room for "foot drop." Plaintiff was treated at the emergency room by Dr. John Flaherty, who diagnosed her condition as Achilles tendonitis. Following Dr. Flaherty's orders, plaintiff consulted Dr. Melba Ovalle, a rheumatologist, who prescribed Medtrol®, a steroid, on November 24, 1997, to treat the inflammation in her tendons. Plaintiff also consulted Dr. Howard Sweeney, an orthopedic physician, who prescribed her an ankle-foot orthotic leg brace to treat the "foot drop."

On January 9, 1998, plaintiff was diagnosed with tendonitis of the tiblis tendon and paratenosynovitis of the Achilles tendon,[1] for which she began, and continues, to receive physical therapy. On March 1, 2005, plaintiff was informed by Dr. Kentor that the injuries she suffered, including tendinosis of the tiblis tendon, paratenosynovitis of the Achilles tendon, and muscle atrophy, were permanent and progressively worsening. Plaintiff does not allege that she had any contact with Dr. Kentor between 1997, when he suggested that she seek emergency medical attention, and this diagnosis in 2005. Following this diagnosis, plaintiff filed this suit in November 2005.

Levaquin® was first introduced in the United States in 1997, but information regarding the drug did not appear in the Physician's Desk Reference (PDR) until 1998. The package insert accompanying Levaquin® indicated tendon rupture as a possible side effect, but described it only as a "prolonged disability."

## LEGAL STANDARD

In ruling on a motion to dismiss for failure to state a claim, the court will dismiss a claim only where "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Chaney v. Suburban Bus Div.*, 52 F.3d 623, 627 (7th

---

[1] The complaint is unclear as to who diagnosed plaintiff with these disorders.

Cir. 1995) (*quoting* Fed. R. Civ. P. 12(b)(6)). The court accepts all well-pleaded factual allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990).

## **DISCUSSION**

The issue is whether plaintiff's complaint should be dismissed based on the two-year statute of limitations for personal injuries and product liability. Plaintiff argues that under Illinois law a cause of action does not accrue until a plaintiff knows or should have known that the product causing the injury was in fact the cause of her injury. Based on this assertion, plaintiff argues that the cause of action did not accrue until she was informed by Dr. Kentor on March 1, 2005, that her injuries were permanent and progressively worsening. Although the complaint fails to establish the time when she knew that Levaquin® was the cause of her injuries, plaintiff asserts for the first time in her reply brief that prior to March 1, 2005, that "none of the physicians treating [plaintiff] would acknowledge that the Levaquin® caused her injuries or that the injuries were permanent."[2]

Defendant, in contrast, argues that plaintiff's cause of action accrued no later than early 1998, when plaintiff was diagnosed with tendinosis of the tiblis tendon and paratenosynovitis of the Achilles tendon. Defendant asserts that even if the statute of limitations is tolled under the discovery rule, plaintiff had constructive knowledge of her injuries and their cause in 1998, thus barring the present action.

Under Illinois law, a plaintiff must assert personal injury and product liability claims

---

[2] In her reply brief, plaintiff attached a Levaquin® warning packet, an affidavit signed by the plaintiff, and asserted additional facts that did not appear in her complaint.

within two years of the date the cause of action accrued. 735 ILCS §§ 5/13-202, 5/13-213(d). To alleviate the harsh effect of this rule, Illinois follows the discovery rule, whereby the statute of limitations is tolled until the plaintiff knows or reasonably should know that he has been injured and that his injury was wrongfully caused. *Mele v. Howmedica, Inc*., 808 N.E.2d 1026, 1035 (Ill. 2004).

To determine when a plaintiff should reasonably have discovered the possibility of a wrongfully caused injury, Illinois courts have distinguished between insidious and traumatic injuries. *Lowe v. Ford Motor Comp.*, 730 N.E.2d 58, 60 (Ill. App. Ct. 2000). When an injury is caused by a sudden, traumatic event, such as a car accident, the statute of limitations begins to run on the date of the injury. *See Lofton v. General Motors*, 694 F.2d 514, 517 (7th Cir. 1982). Where the injury is an insidious one that gradually manifests itself over a period of several years, however, the time of accrual is not so clearly defined. *Id*. In these cases, determining whether to apply the discovery rule involves "balancing the increase in difficulty of proof which accompanies the passage of time against the hardship to the plaintiff, who neither knows nor should have known the existence of his right to sue." *Nolan v. Johns-Manville Asbestos*, 421 N.E.2d 864, 867 (Ill. 1981) (*quoting Rozny v. Marnul*, 250 N.E.2d 656, 664 (Ill. 1969)). Because the connection between the inflammatory tendon disorders suffered by plaintiff and her ingestion of Levaquin® for a sinus infection is not readily apparent, the discovery rule is appropriate if its elements are satisfied. *See Witherell v. Weimer*, 421 N.E.2d 869, 874 (Ill. 1981) (applying the discovery rule where the plaintiff suffered blood clots in her leg as a result of taking Ortho-Novum, an oral contraceptive pill).

Plaintiff was prescribed Levaquin® in November 1997, the same year that it was first introduced in the United States and a year before the drug's labeling appeared in the Physician's

4

Desk Reference. From November 1997 until January 1998, plaintiff was treated for severe leg pain and ultimately diagnosed with Achilles tendonitis, tendinosis of the tiblis tendon and paratenosynovitis of the Achilles tendon. While being treated for these inflammatory disorders, it is unclear whether plaintiff informed any of her treating physicians that she was taking or had taken Levaquin®. It is also unclear whether Dr. Ovalle knew that plaintiff was taking the antibiotic before she prescribed plaintiff Medtrol®, which plaintiff contends increased her susceptibility to tendon and muscle injury when used concomitantly with Levaquin®.

In *Mele*, a product liability case involving a defective medical device implanted as a replacement for the plaintiff's hip, the court held that the cause of action accrued when the doctor told the plaintiff that removal of the device might be required, rather than when the patient first spoke with the doctor about his post-surgery pain. 808 N.E.2d at 1036. The *Mele* court held that the statute of limitations was tolled until the plaintiff received notice that worngful acts may have been the cause cause of his injury. *Id.* Similarly, plaintiff in the instant case alleges that her doctors did not inform her that she had a potential claim against defendant when they diagnosed her condition in 1997 and 1998.

Plaintiff attached her affidavit to the response, stating that on March 1, 2005, she was informed by Dr. Kentor that her injuries were caused by Levaquin®. This allegation is not clear in her complaint, however, and plaintiff's affidavit is beyond the four corners of the complaint. *See Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) (plaintiff cannot amend pleadings in a brief); *Ellsworth v. URS Const. Services*, 2005 WL 608240, at *4 (N.D.Ill. March 11, 2005) (affidavit attached to brief not considered on Rule 12(b)(6) motion to dismiss). Rather than converting the motion to dismiss into a motion for summary judgment, as defendant suggests, the court does not consider plaintiff's affidavit or any of the additional materials

supplied by plaintiff. Nevertheless, reading the complaint in the light most favorable to the plaintiff, the court cannot find that there is no set of facts under which plaintiff could prove she did not discover the extent or cause of the injury until 2005, or that she reasonably should have been expected to discover the cause any earlier. Unlike the situation in *Witherell*, where the court held that the plaintiff's claim fell beyond the discovery period because she was informed by both her doctor and her mother that that pill could cause blood clots, it is unlikely that a reasonable lay person would have known that Levaquin® was the cause of plaintiff's foot injuries. 421 N.E.2d at 874.

The exact time at which a party should have knowledge under the discovery rule is a question of fact. *Jackson Jordan*, *Inc. v. Leydig, Voit & Mayer*, 633 N.E.2d 627, 631 (Ill. 1994). If plaintiff can show that a reasonable person would not have discovered the injury any earlier, perhaps because it may be difficult for a lay person to draw the connection between taking a sinus medication and suffering from inflammation of the tendons and permanent muscle atrophy, she would have a valid defense to the time bar. *See Clark*, 318 F.3d at 768 (finding 12(b)(6) dismissal premature because the plaintiff might have been able to prove that a reasonable person would not have discovered the injury any earlier). Therefore, based on the facts alleged in the complaint and the reasonable inferences drawn in favor of plaintiff, it would be premature to dismiss plaintiff's complaint at this point.

Defendant further argues that plaintiff has "pled herself out of court" based on the facts alleged in her complaint. Although plaintiff's complaint is less than artful and should have been amended to include the information supplied in her response brief, plaintiff has not "pled herself out of court" for purposes of a motion to dismiss. Because the statute of limitations is an affirmative defense, a plaintiff is not required to affirmatively plead compliance with the statute

of limitations in her complaint. *Clark v. City of Braidwood*, 318 F.3d 764, 767 (7th Cir. 2003). A plaintiff can plead herself out of court, however, if she alleges facts that foreclose her from complying with the statute of limitations. *Tregenza v. Great Am. Communications Co*, 12 F.3d 717, 718 (7th Cir. 1993); see also Xechem, Inc. v. Bristol-Myers Squibb Co., 272 F.3d 899, 901 (7th Cir. 2004) (plaintiff pleads herself out of court when she "admits all the ingredients of an impenetrable defense). Similar to *Messenger v. Grinnell Mut. Reinsurance Co.*, No. 96-C50371, 1997 WL 269477, at *3 (N.D. Ill. May 19, 1997), where the court found that the plaintiffs did not plead themselves out of court because there were no facts in the complaint indicating that they should have discovered their injuries before the limitations period ran, plaintiff does not allege any facts indicating that she knew her injury was permanent or that she knew the connection between taking the drug and her foot injury until March 1, 2005. Accordingly, the motion to dismiss is denied.

## CONCLUSION

For the reasons stated herein, defendant's motion to dismiss is denied. Defendant shall file its answer on or before May 31, 2006. The parties are directed to file a joint status report using this court's form on or before May 31, 2006. This matter is set for a report on status on June 7, 2006, at 9:00 a.m.

**ENTER:** **May 8, 2006**

_____
**Robert W. Gettleman**
**United States District Judge**

7